UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD COOPER,<br><br>         Plaintiff,<br><br>  vs.<br><br>LIBRARY OF CONGRESS, OWNER OF COPY RIGHT OFFICE, POST OFFICE SERVICE, ATTORNEY GENERAL OFFICE,<br><br>         Defendants. | NO.  CV-07-084-MWL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISSING ACTION AND DENYING PENDING MOTIONS |

    BEFORE THE COURT are Plaintiff's response to the Report and Recommendation (Ct. Rec. 11), a Motion for Objection to the Report and Recommendation (Ct. Rec. 12), a Motion for Reconsideration of the Report and Recommendation (Ct. Rec. 14), and his affidavit with exhibits (Ct. Rec. 16), which the court will liberally construe as Plaintiff's Objections to the Report and Recommendation to Dismiss this action for lack of jurisdiction.  Plaintiff is proceeding *pro se*. He is incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan.

    Contrary to Plaintiff's assertions the statutory provisions of 28 U.S.C. §§ 1331 and 1338 do not entitle him to file a civil action in any district court in the United States he chooses.  In most instances federal courts do not have nationwide personal jurisdiction.  *See Omni*

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISSING ACTION -- 1

*Capital Int'l, Ltd. V. Rudolph Wolff & Co., Ltd.,* 484 U.S. 97, 104-105 (1987); *see also* Fed. R. Civ. P. 4(k)(1)(A).  Plaintiff asserts, because the District Court of Columbia dismissed one of his actions without prejudice, this somehow gives other courts proper jurisdiction to address his new issues.  He also contends the District of Columbia and the Western District of Michigan in Marquette have acted against him with bias and prejudice.  Such allegations, however, cannot vest this court with jurisdiction to hear Plaintiff's claims.

    Plaintiff further asserts he has the right to exchange venues.  This court disagrees.  None of the named Defendants resides in this judicial district and none of the alleged events occurred here.  Accordingly, venue is not proper in the Eastern District of Washington.  *See* 28 U.S.C. § 1391(b).  The court declines Mr. Cooper's invitation to override these statutory provisions and change venue to this district.

    Plaintiff admits he has "three strikes" from the 1990s.  This is consistent with the memorandum opinion issued in the United States District Court for the Western District of Michigan, Northern Division, Case No. 2:05-cv-252, which identified three or more lawsuits by Mr. Cooper which were dismissed as frivolous and barred him from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

    Although Plaintiff frequently uses the term "imminent danger," he has alleged no facts from which a court could infer he is presently under imminent danger of serious physical injury.  In any event, jurisdiction and venue are not proper here and the court will consider no more of Plaintiff's submissions.

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISSING ACTION -- 2

1 **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 10) is **ADOPTED** and this action is **DISMISSED** for lack of jurisdiction and lack of venue.  **IT IS FURTHER ORDERED** all pending motions are **DENIED AS MOOT.**

**IT IS SO ORDERED.**  The District Court Executive shall enter this order, enter judgment, forward copies to Plaintiff and close this file.  Plaintiff shall file no further documents in this file.

**DATED** this 4th day of May 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
CHIEF UNITED STATES DISTRICT JUDGE

Q:\CIVIL\2007\cooper.dismiss.wpd

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISSING ACTION -- 3